# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAIL LEBEDEV, | Case No. 1:25-cv-01391-KES-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION TO ENFORCE |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | (ECF No. 27) |
| Respondents. | |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

On October 17, 2025, Petitioner filed a petition for writ of habeas corpus, challenging his prolonged immigration detention on procedural due process grounds. (ECF No. 1.) On December 7, 2025, the Court appointed counsel for Petitioner. (ECF No. 12.) On December 30, 2025, Petitioner filed an amended petition. (ECF No. 19.) On March 8, 2026, the Court adopted the findings and recommendations, granted the amended petition, and ordered Respondents "to provide petitioner with an individualized bond hearing before an immigration judge within fourteen (14) days that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and at which 'the government must prove by clear and convincing

1

evidence that [petitioner] is a flight risk or a danger to the community to justify denial of bond,' *id.* at 1203." (ECF No. 25 at 2.[1])

On April 1, 2026, Petitioner filed the instant motion for temporary restraining order and motion to enforce prior order. (ECF No. 27.) On April 13, 2026, Respondents filed an opposition. (ECF No. 28.) On April 14, 2026, the assigned district judge referred the motion "to the assigned magistrate judge for the preparation of findings and recommendations." (ECF No. 29.)

## II.

## DISCUSSION

In the motion to enforce, Petitioner asserts that "[a]lthough Respondents did provide Petitioner with a bond hearing, the hearing did not comport with the requirements of due process in that Respondents did not provide an interpretation of the hearing, the Immigration Judge ("IJ") did not allow any witness testimony, and she failed to conduct any analysis of the evidence." (ECF No. 27 at 2.) Respondents argue that "[b]ecause Petitioner hasn't shown that he was prejudiced by the bond hearing or that he is excused from exhausting his administrative remedies this Court should deny the motion." (ECF No. 28 at 1.)

A "district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief." Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011) (citing Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir. 2006) (holding that a federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case); Phifer v. Warden, U.S. Penitentiary, 53 F.3d 859, 865 (7th Cir. 1995) ("When a habeas petitioner alleges noncompliance with a conditional order, jurisdiction exists for the purpose of determining whether the [government] acted in accordance with the court's mandate."); Hamilton v. Nakai, 453 F.2d 152, 157 (9th Cir. 1972) ("The equitable jurisdiction of a federal court extends to supplemental or ancillary bills brought for the purpose of effectuating a decree of the same court.")).

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

In Leonardo, a petitioner filed a pro se habeas petition challenging his prolonged detention, the district court ordered the government to provide the petitioner with a bond hearing, an immigration judge ("IJ") held a hearing, concluded that the petitioner posed a danger to the community, and denied bond, and the petitioner filed a motion for review of the bond decision in the habeas case arguing that the hearing failed to satisfy due process or conform to the district court's order. Leonardo, 646 F.3d at 1159. The district court denied relief because the government complied with the court's order by providing a bond hearing before an IJ and the court lacked jurisdiction to consider the due process claims. Id. On appeal, the Ninth Circuit rejected "Leonardo's contention that the district court should have addressed his challenges to the IJ's decision based on the court's authority to ensure compliance with its earlier habeas order" because the district court "exercised its authority to ensure compliance with its conditional grant of relief and construed Leonardo's legal challenges following the IJ's hearing as raising new arguments not covered by the earlier order" and "was under no obligation to address Leonardo's new arguments under the ambit of ensuring compliance with the earlier order." Leonardo, 646 F.3d at 11561.

Here, in granting the petition, the Court ordered in pertinent part:

> Respondents are ordered to provide petitioner with an individualized bond hearing before an immigration judge within fourteen (14) days that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and at which "the government must prove by clear and convincing evidence that [petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider petitioner's financial circumstances and alternative conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017)[.]

(ECF No. 25 at 2.) Petitioner asserts that the bond hearing did not comport with the requirements of due process because the IJ failed to provide interpretation of the hearing, did not allow any witness testimony, failed to meaningfully consider the evidence in the record and provide an individualized determination, and abused her discretion in finding that Respondents established by clear and convincing evidence that Petitioner is a flight risk and danger. (ECF No. 27 at 7–13.) However, this Court's order did not "determine the precise scope of the hearing that would

be required to conform with due process, other than to note the standard of clear and convincing evidence" and that the IJ should consider Petitioner's financial circumstances and alternative conditions of release in the event Petitioner was determined not to be a danger and not to be so great a flight risk as to require detention without bond. Doe v. Becerra, No. 2:25-cv-00647-DJC-DMC, 2025 WL 1233883, at *2 (E.D. Cal. Apr. 29, 2025). "The arguments raised in Petitioner's Motion extend well beyond the scope of the original Habeas Petition and this Court's Order." Id. "Petitioner may ultimately be correct that the bond hearing he was afforded did not comport with due process. However, the Court's review here concerns whether the Government complied with the Court's Order and provided Petitioner with a bond hearing." Id. at *3. "As Petitioner was provided with a bond hearing where the IJ stated and seemed to apply the appropriate burden of proof and standard, the Government complied with the Order." Doe, 2025 WL 1233883, at *3. Accordingly, the Court recommends that the motion to enforce prior order be denied.

"Petitioner may challenge the adequacy under due process of the hearing and whether the IJ's finding that the Government had met its burden was in error," but "such a challenge is not properly brought as a motion to enforce the Court's prior Order." Doe, 2025 WL 1233883, at *4. Rather, "[s]ubsequent challenges to the sufficiency of the IJ's determination constitute a new and separate basis for relief which must be brought in a habeas proceeding after Petitioner has exhausted his administrative remedies." Id. See Fernandez Vasquez v. Cruz, No. 1:26-cv-00476-DAD-EFB, 2026 WL 252055, at *3 (E.D. Cal. Jan. 30, 2026) (rejecting contention "that the lengthy process of appealing his bond determination to the BIA constitutes irreparable harm that justifies waiving the prudential exhaustion requirement" and observing that "irrespective of the errors Petitioner assigns to his bond hearing, the fact remains that he received a bond hearing" and thus the case was "readily distinguishable from those involving continued detention without *any* process" (citation omitted)).

### III.

### RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that Petitioner's motion to enforce prior order (ECF No. 27) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 20, 2026**

STANLEY A. BOONE
United States Magistrate Judge